UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                  Bky. 10-61176

Paul Wieseler and
Susan Wieseler
        Debtors.


Paul Wieseler
        Plaintiff,

   vs.

Dakota Bluff Financial, LLC
and Messerli & Kramer, P.A.                             ADV _____

        Defendants.

## COMPLAINT

1.    This adversary proceeding is brought pursuant to the provisions of 11 U.S.C. §§ 547, and 550 and Fed. R. Bankr. P. 7001.

2.    This Court has jurisdiction over this adversary proceeding, pursuant to the provisions of 28 U.S.C. § 1334; this matter being a core proceeding under 11 U.S.C. § 157(b)(2)(F) and venue being proper under 28 U.S.C. § 1409(a). This bankruptcy case is presently pending in this Court

3.    Plaintiff is the Debtor in the above-entitled bankruptcy case, having filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on October 6, 2010.

4.    Defendant Dakota Bluff Financial LLC is a pre-petition creditor in the aforesaid bankruptcy case, and is the judgment creditor in said state court judgment entered against Plaintiff.

5.    The judgment in question was entered on Oct. 25, 2006, and docketed on Nov. 6, 2006 in court file 80-C2-06-000626 in District Court, Wadena County, Minnesota,

6.    Defendant Messerli & Kramer, P.A. is the attorney for Dakota Bluff Financial, LLC in said state court proceeding according to the records of the Court Administrator.

7.    Defendant Messerli & Kramer P.A.. served collection process on debtor's employer.

8.    Pursuant to the direction in said collection process, plaintiff's deducted money from Plaintiff's wages.

9.    On information and belief, the amount deducted from plaintiff's wages was:

       check dated   8/26/10        $132.76
       check dated 9/9/10        $402.93
       check dated 9/23/10        $358.54

       total        $894.23

10.     Defendants garnished an additional amount from a paycheck issued after the plaintiff's bankruptcy case was filed, but that amount was refunded shortly after the bankruptcy case was filed.

12.     Plaintiff does not presently know whether Defendant Messerli & Kramer, P.A. forwarded the money, in whole or in part, to Defendant Dakota Bluff Financial, LLC.

13.     On Oct. 22, 2010, an employee of plaintiff's attorney faxed a note to Messerli & Kramer, asking when the funds would be released.

14.     On December 22, 2010, Plaintiff's attorney wrote Defendant Messerli & Kramer, P.A. requesting, that Messerli & Kramer, P.A. refund the seized amount immediately, asserting that the said seized amount was a preferential transfer within the meaning of 11 USC 547.

15.     In January 2011, plaintiff's attorney wrote again to Defendant Messerli & Kramer requesting the refund of the preference and clarification as to whether Messerli & Kramer P.A. or Dakota Bluff Financial LLC has the funds.

16.     As of the date of this complaint, the seized funds have not been returned to Plaintiff, nor has counsel been advised as to which defendant has the funds.

17.     The seizure of funds from Plaintiff's wages constituted a transfer of property.

18.     Said transfer is preferential within the meaning of 11 U.S.C. §547, in as much as it was made for the benefit of Defendant Dakota Bluff Financial LLC, a creditor of Plaintiff/Debtor, while Plaintiff was insolvent, on account of an antecedent debt, and within 90 days of the filing of her petition.

19.     Debtor is a person whose debts are "consumer debts" as defined in 11 USC 101 (9).

20.     Such transfer, if allowed to stand, will enable the creditor to receive more than it would have received under the distribution provided to creditors in this case in violation of 11 U.S.C. §547.

21     Pursuant to the provisions of 11 U.S.C. §522(h), a Debtor may recover a preferential transfer in excess of $600 if the trustee does not attempt to avoid the transfer.  At the date of this complaint, the trustee has not filed a notice of no distribution, but the debtor claimed the garnished funds exempt and the time to object to the claimed exemption has elapsed.

22.     Plaintiff has claimed the property, which was subject to the involuntary transfer, as exempt in his bankruptcy petition, pursuant to the provisions of 11 U.S.C. §522(b) and §522(g), without objection thereto.

23.     If Defendant Messerli & Kramer, P.A. still has possession of the funds, it is the initial transferee of such transfer; if Defendant Messerli & Kramer, P.A. has remitted the funds to Defendant Dakota Bluff Financial LLC,  then Dakota Bluff Financial LLC is the immediate transferee, or at minimum is

the entity for whose benefit such transfer was made.

24.    Accordingly, Plaintiff is entitled to recover the preference.

25.    Because Plaintiff does not know which Defendant actually has possession of the seized funds, Plaintiff prays for judgment against both Defendants; however, Plaintiff does not claim to be entitled to more than one satisfaction of the judgment.

WHEREFORE, Plaintiff prays for judgment against Defendants for the sum of $894.23 plus costs and disbursements and such other further relief as to the Court may seem just.

Dated:   January 18, 2011

   /e/ Sam Calvert
Sam Calvert, atty id #1431X
attorney for plaintiff
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473